IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0861-12






RUSSELL CATES, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE ELEVENTH COURT OF APPEALS


MCLENNAN COUNTY





 Keller, P.J., filed a concurring opinion.



 I agree with the Court that Article 26.05(g) (1) "requires a present determination of financial
resources and does not allow access to possible future resources," but there is a good policy reason
for changing that requirement: If a defendant subsequently acquires the financial resources to
compensate the county for defense-counsel fees associated with his conviction, he ought to be
required to do so. The legislature could amend the statute to allow the trial judge to conditionally
impose attorneys' fees to be paid if the defendant obtains sufficient financial resources during the
pendency of his sentence. (2) But the legislature has not enacted such a scheme, so a trial judge can
impose attorneys' fees only on the basis of the defendant's financial status during the pendency of
trial or upon conviction. (3)

 I join the Court's opinion. 


Filed: June 26, 2013

Publish
1. Tex. Code Crim. Proc. art. 26.05(g).
2. To avoid discouraging family members from contributing to an inmate's trust account,
deductions to pay conditionally ordered attorneys fees might be limited to a percentage of the
funds received in the account. 
3. An argument might be made that "indigence" means something different in the outside
world than it does in prison, where everyone is afforded basic necessities and where the use of
funds is limited, all regardless of personal wealth. But no such argument has been made, and it is
not apparent that the current statutes would allow such a position.